UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JOSEPH EDWARD WASHINGTON (#1107093),**

      **Petitioner,**

v.                                **No. 2:21-cv-00034-RAJ-DEM**

**HAROLD W. CLARKE,**
**Director, Virginia Department of Corrections,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner Joseph Edward Washington ("Petitioner" or "Washington") filed this federal habeas petition (the "Petition") under 28 U.S.C. § 2254, and the Petition was referred to the undersigned pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Respondent moved to dismiss the Petition, arguing that Washington had failed to exhaust his state remedies. Along with the motion, Respondent provided the notice to pro se parties required by Local Rule 7(K) and the Fourth Circuit's decision in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Because the Petition contains unexhausted habeas claims, which Washington may still pursue in state court, this Report recommends it be dismissed without prejudice to permit Washington to first present his unexhausted claims to the Virginia courts as required by federal law.

## I.    FACTUAL AND PROCEDURAL HISTORY

On March 15, 2019, Petitioner was convicted in the Circuit Court for Westmoreland County of strangulation, abduction, misdemeanor assault, extortion, petit larceny, and misdemeanor destruction of property. He was sentenced to thirteen years and twelve months incarceration. Washington appealed his conviction to the Court of Appeals of Virginia, arguing

1

that "the evidence is insufficient to convict him, and that the insufficiency of the evidence is a direct result of ineffective assistance of counsel at his trial." <u>Washington v. Clarke</u>, No. 1750-19-2 (Va. Ct. App. Feb. 3, 2021), Resp't Ex. 1 (ECF No. 18-1, at 2).  The court denied his petition for appeal on February 3, 2021.  <u>Id.</u> at 1.  Regarding his challenge for insufficiency of the evidence, the court found that Petitioner had failed to include "any law or argument" supporting his claim.  <u>Id.</u> at 2.  With respect to Washington's claims of ineffective assistance of counsel, the court noted that these claims must be raised in a habeas corpus proceeding because they are not cognizable on direct appeal in Virginia.  <u>Id.</u> at 3.  As a result, the Court of Appeals did not consider the merits of any claims of ineffective assistance of counsel.  Petitioner did not appeal the court's denial of his appeal to the Supreme Court of Virginia.  Petitioner also has not filed any state habeas corpus petition. Pet. (ECF No. 1, at 3).

In this federal petition filed January 15, 2021, Washington challenges his convictions by asserting various violations of his federal rights, summarized from his petition as follows: (1) due process of law and constitutional rights violations; (2) "false filing of the complaint" and violation of due process during his appeal to the Supreme Court of Virginia; (3) "bias of the judge during trial and sentencing"; (4) speedy trial concerns; (5) ineffective assistance of counsel, including during trial and sentencing; (6) and denial of an appeal to the Supreme Court of Virginia. Pet. (ECF No. 1, at 4-5).  Respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support, arguing that Washington had failed to exhaust his state remedies.  Resp't Br. (ECF No. 18, at 6).  Petitioner failed to respond to the motion, which is now ripe to resolve.

## II.   ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). This requirement gives "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). The habeas petitioner bears the burden of proving that all claims are exhausted. Id. at 618 (citing Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994)).

This habeas petition contains several unexhausted claims. Petitioner presented only two claims in his direct appeal to the Virginia Court of Appeals: insufficiency of the evidence, and ineffective assistance of counsel. No. 1750-19-2, Resp't Ex. 1 (ECF No. 18-1, at 2). Washington's claim regarding insufficiency of the evidence, as well as any claims not cognizable in a state habeas petition, are likely simultaneously exhausted and procedurally defaulted, as he may be precluded from raising them on direct appeal now. But Washington's claims for ineffective assistance of counsel, as well as any other claims cognizable in a state habeas petition, are both unexhausted and still raisable under state procedural rules.

### A.   Washington's claim for insufficiency of the evidence, as well as all claims not cognizable under a state habeas petition, are exhausted and procedurally defaulted.

For all claims other than those raisable in a state habeas petition, as discussed below, Washington's claims are likely both exhausted and procedurally defaulted. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, see

3

O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court," Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). A claim may be treated as exhausted if it clearly would be procedurally defaulted if presented in state court. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). State procedural rules which default a petitioner's claims provide independent and adequate grounds for dismissal. See Breard, 134 F.3d at 619.

Petitioner failed to exhaust his claims raised on direct appeal because Washington did not appeal to the Supreme Court of Virginia after the Court of Appeals of Virginia denied his appeal. Under the Court Rules for the Supreme Court of Virginia, a notice of appeal must be filed within thirty days. Va. Sup. Ct. R. 5:14(a). The Court of Appeals of Virginia denied Petitioner's appeal on February 3, 2021. No. 1750-19-2, Resp't Ex. 1 (ECF No. 18-1). Because Petitioner failed to file a notice of appeal before March 5, 2021, thirty days after the February 3 denial, Petitioner's claim regarding insufficiency of the evidence may be defaulted under Virginia law.

In the Petition, Washington raised additional enumerated claims that were not present in his direct appeal. Pet. (ECF No. 1, at 4.) Under Virginia law, a petitioner cannot raise new claims on direct appeal unless, within thirty days of the entry of final judgment, the petitioner files a notice of appeal with the clerk of the trial court. Va. Sup. Ct. R. 5A:6. As Petitioner failed to include his additional enumerated claims in his direct appeal to the Court of Appeals of Virginia in 2019, any of these claims that are not cognizable in a state habeas corpus petition may also be procedurally defaulted.

However, Washington has also alleged a claim of ineffectiveness of counsel, including a

suggestion that his counsel's alleged errors may have contributed to his failing to appeal to the Supreme Court of Virginia. See Pet. (ECF No. 1, at 5). Because it is clear that at least some claims remain viable in state court, this Report makes no findings with respect to which claims may already be defaulted. As explained below, dismissal of the Petition without prejudice is the appropriate remedy.

**B.     Washington's claims for ineffective assistance of counsel, as well as other available state habeas claims, are not exhausted and remain raisable in a state habeas corpus petition.**

In this case, Washington has presented a mixed petition containing at least some claims that have not been reviewed by the Supreme Court of Virginia, but which are still procedurally capable of review. If a petitioner has exhausted some but not all the habeas claims, the petition is "mixed," and the court may dismiss the action without prejudice so the petitioner can exhaust the unexhausted claims. Rose v. Lundy, 455 U.S. 509, 520 (1982). Petitioners who submit mixed petitions "are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims." Id.

Washington attempted to present his claims of ineffective assistance of counsel in his state court filing, but the Court of Appeals of Virginia declined to address the merits of his assertion. Instead, the court noted that claims of ineffective assistance of counsel "must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal." No. 1750-19-2, Resp't Ex. 1 (ECF No. 18-1, at 3) (quoting Lenz v. Commonwealth, 261 Va. 451, 460 (2001)). Therefore, Washington may only present his claims for ineffective assistance of counsel to the state courts in a state habeas petition, and his direct appeal was insufficient to exhaust his claims.

Washington is not time-barred from now filing a state habeas petition. Virginia law allows a prisoner to file a petition for a writ of habeas corpus within two years of the date of final judgment or one year from the expiration of appellate remedies, whichever is later. See Va.

Code Ann. § 8.01-654(A).   The trial court entered final judgment in Washington's case on September 6, 2019: two years from that date is September 6, 2021.   Petitioner's appellate remedies expired on March 5, 2021, thirty days after the Court of Appeals of Virginia denied his appeal on February 3: one year from that date is March 5, 2022.   Washington therefore has until March 5, 2022, to present a properly filed state habeas petition seeking to exhaust these claims. He is not precluded from raising his claims of ineffective assistance of counsel, as well as other viable claims, in state court until this date.   Because Washington still has a "possible avenue of state court review" to pursue his claims, they are unexhausted and still capable of exhaustion, and they are not procedurally defaulted.   See O'Sullivan, 526 U.S. at 844.

Washington has not presented good cause for his failure to exhaust, and he has filed his federal habeas petition alleging claims of ineffective assistance of counsel, as well as additional enumerated claims, before first giving the Supreme Court of Virginia an opportunity to consider his claims.   Accordingly, the undersigned recommends that Washington's Petition (ECF No. 1) be dismissed without prejudice so he can refile once he has exhausted these claims in state court. Rhines v. Weber, 544 U.S. 269, 278 (2005).

### III.    RECOMMENDATION

Because Washington's Petition presents unexhausted claims, and he has a state remedy available to assert his claims of ineffective assistance of counsel, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and Washington's Petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice.

### IV.    REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, <u>see</u> 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/

Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 26, 2021

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing was mailed this date to:

**Joseph Edward Washington,** #1107093
c/o Dillwyn Correctional Center
PO Box 670
Dillwyn, VA 23963-0430

A copy of the foregoing was provided electronically this date to:

**Mason D. Williams**
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

Fernando Galindo, Clerk

By ___/s/ J.L. Meyers_____
Deputy Clerk

___August 26_____, 2021